UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00445-GNS

TRAVELERS CASUALTY & SURETY
   COMPANY OF AMERICA,                                                          PLAINTIFF

v.

SPRING FARM, LLC, et al.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Leave to Join John L. Smith as a Third Party Defendant and for Leave to File a Third Party Complaint filed by Defendant Mushtaque Juneja ("Juneja"). (DN 16). The motion is ripe for ruling. For the reasons outlined below, the Court **GRANTS** the motion.

**I.    BACKGROUND**

On June 3, 2015, Plaintiff filed its complaint against eight defendants, alleging that it had executed surety bonds on behalf of Defendants Wolf Pen Springs, LLC; Spring Farm, LLC; and Terra Acquisitions LLC, for which it received contracts of indemnification. (Compl. 1). Plaintiff asserts that Defendants breached the contracts of indemnity that the individual defendants signed on behalf of the corporate defendants. (Compl. 7).

On October 6, 2015, Juneja sought leave to add John L. Smith as a Third Party Defendant and to assert claims against him. (Def.'s Mot. for Leave to Join John L. Smith as a Third Party Def. and for Leave to File a Third Party Compl. Against Him [hereinafter Def.'s Mot. to Implead]). The motion is now ripe for review.

## II. JURISDICTION

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Plaintiff asserts in the Complaint that "[t]his action is between citizens of different states and the amount in controversy in this action exceeds the sume of $75,000.00, exclusive of interests and costs." (Compl. 3). Accordingly, the Court has jurisdiction over this matter.

## III. DISCUSSION

Juneja alleges that the proposed third-party defendant, John L. Smith ("Smith"), was a member of Spring Farm, LLC, and Terra Acquisitions, LLC. (Def.'s Mot. to Implead 2). He argues that if a judgment is entered against Spring Farm, LLC, Terra Acquisitions LLC, or their members, Smith "will be required to pay his proportionate share of the debt according to the provisions of the by-laws and operating agreements of the limited liability companies." (Def.'s Mot. to Implead 3). Finally, Juneja argues that "concluding this case in [Smith's] absence would leave Dr. Juneja, or the other defendants, subject to a substantial risk of incurring more of an obligation than [they] would or should be required to pay." (Def.'s Mot. to Implead 4).

Federal Rule of Civil Procedure 19 ("Rule 19") governs when a person must be joined to an action. Fed. R. Civ. P. 19. It provides that a required party must first be subject to service of

process and joinder of the person must not destroy the court's subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1). Smith is a resident of Colorado. Kentucky Rule of Civil Procedure 4.04(8) provides a mechanism to effect service on out-of-state defendants. Ky. R. Civ. P. 4.04(8). This, coupled with a known business address for Smith, shows that he is subject to service.

Plaintiff is a Connecticut company with its principal place of business in Connecticut. (Compl. 2). All of the defendants are Kentucky residents (Compl. 2-3). The addition of a Colorado third-party defendant would not affect the Court's jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, joinder of Smith would not deprive the Court of subject-matter jurisdiction.

Rule 19 also mandates that at least one of two alternatives also be true before a person can be designated a required party. Fed. R. Civ. P. 19(a)(1)(A)-(B). Relevant to this action is that the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Juneja has alleged that absent Smith's participation in this action the defendants in this action, including himself, may be subject to inconsistent obligations, *i.e.*, they would pay more than is required under the limited liability companies' by-laws and operating agreements. That is sufficient to meet the requirements of Rule 19.

Because Smith meets all of the requirements of Rule 19, he is a required party. The Court will therefore grant Juneja's motion and allow Juneja to file a third-party complaint against Smith.

### IV. <u>CONCLUSION</u>

For the forgoing reasons, **IT IS HEREBY ORDERED THAT** Juneja's Motion for Leave to Join John L. Smith as a Third Party Defendant and for Leave to File a Third Party

Complaint Against Him (DN 16) is **GRANTED**. Juneja's Third-Party Complaint (DN 16-3) **SHALL** be filed in the record as such.

**Greg N. Stivers, Judge**
**United States District Court**
December 10, 2015

cc: counsel of record